## ISREAL HOYLE V. STATE.

No. 24390. June 15, 1949.
State's Motion For Rehearing Denied October 12, 1949.

*Joe Burkett* and *Sam L. Harrison*, San Antonio, for appellant.

*William N. Hensley*, Criminal District Attorney, and *Charles E. Biery*, Assistant Criminal District Attorney, San Antonio, and *Ernest S. Goens*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of 25 years in the penitentiary.

It is the state's theory that appellant waylaid his wife and shot her to death and the evidence on this subject is quite impressive. A deliberately planned and cruel murder was pictured. Defendant's evidence in justification of his act was not received very favorably by the jury. Consequently, they found him guilty and assessed the penalty.

During the trial the state introduced a petition filed by the wife on June 4, 1948, in which she sought a divorce from the defendant and asked for alimony and for a temporary injunction. In support of the injunction plea her petition alleged, in Section 10 thereof: "Plaintiff alleges that the defendant has threatened to kill her and has driven her out of and from her home, and she fears if she returns to her home to live this defendant will carry out said threat and take her life or do serious bodily harm to her." This petition, in full, was introduced in evidence over appellant's objection. There was also introduced

in evidence the court's order thereon and the service of process by the sheriff thereunder. This bill was approved by the court with the qualification that the defendant had testified that he and his wife were happily married and had effected a reconciliation since the foregoing proceeding. The defendant denied that he had been served with notice of injunction.

It is possible, but not held so in this case, that the fact of the service of the injunction could have become material in rebuttal of evidence given by the defendant, but we find nothing in the record which would support the admission of the petition in court, to say nothing of the action of the court thereon. The fact of the instrument and the facts alleged in the instrument are two different things.

Bills of Exception Numbers 13 and 14 complain of argument of the assistant district attorney and of the district attorney. The argument recited in Bill No. 13 relates to the language of the petition. Bill No. 14 complains of the closing argument of the district attorney. His reference was to people in the court room. Neither of these bills recites that the argument was not made in reply to argument made by defense counsel, or that it was not invited by such argument of the defense. We have frequently held that we cannot consider bills complaining of argument of the prosecution unless they negative the existence of argument that would make the argument of the prosecution admissible. Bills that are not prepared according to law cannot be considered by this court.

We think the admission of the divorce petition in evidence before the jury is an error requiring the reversal of the case. The judgment of the trial court is reversed and the cause is remanded.

## ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The state contends that since appellant himself had first brought out the fact that his deceased wife had sued him for divorce, that such authorized the state to introduce the pleading of the deceased wife in that cause, and cites us to the case of Clowers v. State, 146 Tex. Cr. R. 1, 171 S. W. (2d) 143, and also Fambro v. State, 142 Tex. Cr. R. 473, 154 S. W. (2d) 840. We do not think such cases are controlling herein.

In the Clowers case, supra, under the peculiar circumstances thereof, the accused was claiming that he had agreed with his wife that a divorce should be granted her after she had been found in intimate relations with another, and the entry of the suit on the divorce docket and the date of the divorce alone were given in evidence, and none of the pleadings allowed. The fact of the divorce alone and not the cause thereof was there held admissible.

In the case of Fambro v. State, supra, the homicide came up over certain leased property, and a suit prior to the offense had been entered between the accused and the deceased, and such was testified to by Fambro. The date of the filing of such case evidencing their differences prior to the homicide was thought to be admissible, and doubtless had some weight relative to motive and ill-will.

In neither of these cases do we find an introduction of the contents of the pleadings.

We adhere to the holdings set forth in our original opinion, and the state's motion for a rehearing will be overruled.