Samuel Dewey **YATES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45635.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Foy Clement, Abilene, for appellant.

Ed Paynter, Dist. Atty. and Lynn Ingalsbe, Asst. Dist. Atty., Abilene and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at ninety-nine years.

Appellant contends that the trial court erred in admitting into evidence at the guilt stage of the trial, over objection, pleadings and temporary restraining orders in a divorce suit between the appellant and the deceased. Appellant argues that the contents of the pleadings and orders are hearsay and remote in time from the transaction on trial.

Among the papers in the divorce action admitted into evidence, over objection, were:

1. A divorce petition filed by the deceased against her husband, the appellant herein, bearing the date of July 10, 1970, which recited that appellant had on numerous occasions been guilty of physical violence toward deceased and unless restrained by the court, the deceased feared that she and her children would suffer from appellant.

2. Temporary restraining order, dated July 10, 1970, issued without notice to appellant reciting, "and the court, after considering said application, is of the opinion that immediate and irreparable injury will accrue to the petitioner if the following order is not entered . . . ." Among other things, the order restrained appellant

from seeing or, in any manner, molesting the deceased.

3. A supplemental petition, filed July 27, 1970, reciting that since the filing of the divorce suit that appellant had been guilty of physical violence toward the deceased and had "abused and frightened her and her children," and further, that the appellant is known to carry a pistol and that deceased was "fearful for her safety and that of her children."

4. A temporary restraining order issued without notice to appellant bearing the date of July 27, 1970, reciting that appellant should be restrained from coming about, seeing, bothering or molesting the deceased and her children.

After the supplemental petition and restraining order of July 27, 1970, appellant and the deceased were reconciled.

Carol Yates, eighteen year old daughter of the deceased, testified that her mother and appellant had an argument on the night of May 7, 1971, concerning appellant undressing in front of Carol. Her room in the trailer house in which the Yates family lived in Taylor County was located next to the bedroom occupied by deceased and appellant and according to Carol Yates, the argument was concluded by the firing of five or six shots.

Appellant, testifying in his own behalf, stated that he and deceased had been arguing on the night in question and that deceased went to the drawer where three loaded guns were kept, opened the drawer, "brushed underwear back from the top of the guns," and said, "I'll kill you." According to appellant, he "brushed" deceased away from the drawer, removed a gun from its holster and began to fire at deceased. Appellant further testified that he saw deceased with her hand on a gun when she was standing at the drawer and thought she had a gun in her hand when he "brushed her away" from the drawer.

The court instructed the jury on the law of self-defense.

In the recent case of Brooks v. State, 475 S.W.2d 268, this Court held in a prosecution for murder of defendant's estranged wife, the trial court erred in admitting into evidence a temporary restraining order restraining defendant from any association with his estranged wife. In Brooks, the Court sought to limit the evidence of the restraining order to show deceased's state of mind. Nonetheless, this Court held that same was hearsay and prejudicial.

In Acker v. State, Tex.Cr.App., 421 S.W.2d 398, the contents of the divorce petition of Acker's wife were held to be hearsay and inadmissible in prosecution for murder of the wife's former husband.

In Hoyle v. State, 153 Tex.Cr.R. 548, 223 S.W.2d 231, a case where defendant was charged with murdering his wife, the divorce petition of the wife and the temporary injunction issued by the court were introduced into evidence. This Court said, "We find nothing in the record which would support the admission of the petition in court, to say nothing of the action of the court thereon."

We conclude that the court erred in the instant case in admitting into evidence the hearsay statements contained in the divorce petition, supplemental divorce petition and the two temporary restraining orders.

The State argues that such evidence was not harmful or prejudicial because there is other evidence that appellant was likely to harm the deceased, that appellant had abused the deceased and that appellant had threatened the deceased. Such argument overlooks the fact that such testimony was bolstered by the hearsay statements in the deceased's divorce petitions, to say nothing of the findings of the court in its restraining orders.

It is clear that the hearsay statements were highly prejudicial.

The judgment is reversed and the cause remanded.

Opinion Approved by the Court.