Wayne Ernest **BARKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48396.

Court of Criminal Appeals of Texas.

May 15, 1974.

Homer T. Bouldin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe, Martin E. McVey, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, 20 years.

We are met at the outset with the question of the admissibility of a petition for annulment which resulted in the dissolution of appellant's marriage to Deborah Lowery.

Deborah was the State's first witness and she testified that she had been married to the appellant for approximately three months prior to their marriage being annulled. She was then questioned about her acquaintanceship with the complaining witness and told of appellant's assault upon him because of appellant's jealousy over her, which is the basis for this prosecution.

Appellant testified that his marriage to Deborah was annulled by her parents because of her age.

Following appellant's testimony the State, over objection, introduced the annulment petition which recited that the appel-

lant had procured his marriage with Deborah by the infliction of many acts of violence upon her and stated this as the reason for the annulment.

In Hoyle v. State, 153 Tex.Cr.R. 548, 223 S.W.2d 231, this Court reversed a murder conviction because the court admitted in evidence a copy of the divorce petition filed by the deceased against the accused in which it was alleged that the accused had threatened to kill her. This Court held that it might have been admissible to prove that the deceased had sued the appellant for divorce but that the contents of the pleadings were not admissible.

In Yates v. State, Tex.Cr.App., 489 S.W.2d 620, this Court reversed because the State was permitted to introduce the divorce petition and temporary restraining order which recited that the accused was physically violent toward the deceased.

In Brooks v. State, Tex.Cr.App., 475 S.W.2d 268, this Court reversed because the State was permitted to introduce a temporary restraining order which alleged that probable harm and injury would result to the deceased at the hands of the appellant.

In the case at bar the annulment petition was signed by counsel and was sworn to by Deborah and her two parents and alleged acts of violence by the appellant toward Deborah which had been denied by the appellant.

■ We overrule the State's contention that appellant's objection to the annulment petition was not sufficient to properly apprise the trial court of the grounds here asserted. In the absence of the jury the appellant objected on the grounds that the petition was a "mere pleading" and further:

"To admit these statements and instruments at this time would be in violation of the best evidence rule. Further,

would deprive us, the Defense, of the right of cross examination of this witness as to these statements that are made and contained in these instruments."

■ The petition for annulment was inadmissible as hearsay, and we have concluded that the appellant sufficiently pointed out to the trial court the fact that he would not be able to cross examine the four persons who had signed the petition for annulment and properly preserved his error.

In *Brooks,* supra, this Court said:

"In Acker v. State, 421 S.W.2d 398, 402 (Tex.Cr.App.1967), this court noted that pleadings in another law suit have been held to be inadmissible as hearsay, citing Granata v. Mothner, 44 S.W.2d 817 (Tex.Civ.App.1931). In Acker the contents of the divorce petition of Acker's wife were held to be hearsay and inadmissible in prosecution for murder of the wife's former husband. See also Drake v. State, 65 Tex.Cr.R. 282, 143 S.W. 1157 (1912)."

■ We further overrule the State's contention that the annulment petition was admissible to rebut appellant's testimony as to the reasons for the annulment. A similar contention was before this Court on rehearing in Hoyle v. State, supra, where we held the contents of the petition were inadmissible in spite of the accused's testimony.

■ We conclude that the error was not harmless. Appellant's defense was self-defense and that the complaining witness was the aggressor. The admission before the jury of the contents of the petition, which set out specific acts of violence on the part of appellant and suggested that appellant was of a violent nature, was clearly prejudicial to appellant's defense.

For the reasons stated, the judgment is reversed and the cause remanded.