**Samuel Dewey YATES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48163.**

Court of Criminal Appeals of Texas.

May 22, 1974.

Rehearing Denied June 12, 1974.

---

W. L. Burke, Jr., Abilene, for appellant.

Ed Paynter, Dist. Atty. and Patricia Elliott, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at life.

A previous conviction for this homicide was before this Court in Yates v. State, Tex.Cr.App., 489 S.W.2d 620.

The sufficiency of the evidence is not questioned.

The proof shows that the appellant shot his wife some six times with a pistol and killed her. This was after an argument arose about the 17-year-old daughter of the deceased, Carol, coming in late after a date. During the discussion, the deceased became angry when the appellant undressed in front of Carol and the argument became heated. All of the evidence set out in the first opinion will not be repeated.

The appellant testified that he shot the deceased after she said, "I'll kill you," and after she placed her hand on top of a loaded gun in a drawer of a chest of drawers. His confession in which he admitted the shooting was introduced.[1]

The court submitted a charge on self-defense.

■ First, appellant contends that the court erred in admitting into evidence tape recordings of a conversation that he had with the deceased when they were separated while divorce proceedings were pending. These were offered after appellant had testified, apparently for impeachment. His contention that the proper predicate was not laid is overruled. He testified that he personally taped this conversation with his wife and that the voices were theirs. He contends that the tapes of the conversation were not properly offered or admitted into evidence. When the tapes were played before the jury they were admitted in evidence. See Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199, and Richardson v. State, Tex.Cr.App., 475 S.W.2d 932. We hold that they are admissible.

The discussion, as recorded upon the tapes, was some ten months prior to the homicide and was about their previous marital difficulties.

Appellant contends that the part of Article 1257a, Vernon's Ann.P.C., pertaining to the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, does not apply to something ten months earlier because they were too remote.

In Baker v. State, Tex.Cr.App., 368 S. W.2d 627, the son of the accused was permitted to testify that the accused struck his wife some six years prior to the homicide over the objection that this was too remote. This was held admissible because it showed their previous relationship under Article 1257a. The Court also noted that it was shown that the conduct continued.

The discussion and argument in the present case started over Carol's coming home late. The appellant's testimony showed a continuation of their arguments especially over disciplinary matters concerning her and the children.

Appellant cites Brown v. State, 56 Tex. Cr.R. 389, 120 S.W. 444; Hamilton v. State, 83 Tex.Cr.R. 90, 201 S.W. 1009, and McAnear v. State, 43 Tex.Cr.R. 518, 67 S. W. 117, on the question of remoteness.

1. The Court Reporter is commended for the excellent manner in which he has prepared the transcription of his notes or the statement of facts. The record is well indexed with the names of the witnesses and the pages of the record noted. A part of the index to exhibits is as follows:

"Exhibits

| "State's | Marked, | Offered, | Received | Shown |
|---|---|---|---|---|
| #30 | 727 | 728 | 729 | 730–733 |
| "Defendant's | | | | |
| #2 | 801 | 802 | 802 | 804" |

Each page of the record shows the name of the witness and whether it is direct, cross, redirect or recross-examination. The exhibits are included in the record where they have been admitted. The Court appreciates the well prepared and organized 1452 page record. It is time saving and is most beneficial.

These were decided before Article 1257a, supra, was enacted. The Brown case supports his position where there had been a complete reconciliation.

In 4 Branch's Ann.P.C.2d, Section 2224, page 577, it is written:

"There is a conflict of authority on the question as to whether evidence of threats is admissible where a complete reconciliation has been shown. Powdrill v. State, 69 Tex.Cr.R. 340, 155 S.W. 231 (holding in favor of admissibility of the evidence).

"Contra: Brown v. State, 56 Tex.Cr. R. 389, 120 S.W. 444; Hamilton v. State, 83 Tex.Cr.R. 90, 201 S.W. 1009. Under article 1257a, of the Penal Code, the universal and accepted notions as to what constitutes relevancy have been changed, and in order to show the state of mind and relationship of the parties, evidence of threats should be admissible just as any other fact in the case; and the case of Powdrill v. State, supra, is believed to state the law and the rule which now governs. Upton v. State, Tex.Cr.App., 20 S.W.2d 794; Duke v. State, 147 Tex.Cr.R. 533, 182 S.W.2d 808."

In Duke v. State, supra, it was stated that reconciliation was lightly regarded and a controversial subject in this State.

Powdrill v. State, 69 Tex.Cr.R. 340, 155 S.W. 231, held that evidences of former quarrels are admissible into evidence where objections of remoteness and reconciliation were made. There the Court cited Leech v. State, 63 Tex.Cr.R. 339, 139 S.W. 1147, 1152, which held that threats are admissible in homicide cases to show malice and motive.

It should be noted that this is not a divorce case, but a murder case.

We hold that remoteness does not apply and that reconciliation, if such be shown, does not apply, and evidence of prior diffi-culties was admissible under the general rule of evidence even before the adoption of Article 1257a, supra. See Smith v. State, Tex.Cr.App., 502 S.W.2d 814.

In Brooks v. State, Tex.Cr.App., 475 S. W.2d 268, this Court noted that the Legislature enacted the statute to cover the general rules of evidence already in existence.

■ Next, appellant contends that reversible error was committed at the punishment stage of the trial during the argument of the district attorney when the following occurred:

"Sam (Appellant) is sitting over there with his hand over his eyes and crying, with his new wedding ring on, or whatever that is.

"Mr. Burke (Appellant's counsel): Pardon me, Your Honor, we object to that allegation. He's not married and he knows that. That's the wedding ring of Mickey Yates when they were married.

"Mr. Paynter (District Attorney): Well, whatever it is.

"Mr. Burke: We object to that, and ask that the jury be instructed to disregard the comment.

"The Court: All right. I will ask the jury to disregard the comment."

A motion for mistrial was overruled.

The argument of the prosecutor should not have been made. In view of the answer of appellant's counsel and the instruction of the court for the jury not to consider the argument, we hold that reversible error is not shown.

■ Next, complaint is made that the court erred in admitting into evidence State's Exhibit No. 2, a sketch of the trailer house where the homicide occurred, because it was not drawn to scale.

An officer who went to the trailer house shortly after the homicide testified that he made the sketch but not to scale. A sec-

ond exhibit, apparently drawn to scale, was substituted for the original exhibit. Several witnesses testified, without objection, that it was accurate.

■ Even though a drawing is not exact in every detail, an objection goes to its weight rather than its admissibility. Creel v. State, Tex.Cr.App., 493 S.W.2d 814.

There is no showing that the sketch, before it was replaced, was inaccurate so as to be harmful. No error is shown.

Next, the appellant complains that reversible error was committed because the jury was made aware that divorce proceedings had been previously pending between him and his wife. He relies, in part, on the reversal of his prior case by this Court because the divorce petition, supplemental divorce petition and two restraining orders against him were introduced into evidence over proper objections.

We note at the outset that appellant's prior case was reversed because the hearsay statements contained in the papers, which were introduced, were before the jury. Yates v. State, Tex.Cr.App., 489 S.W.2d 620, 621. This Court also reversed the Brooks case because the trial court admitted into evidence the hearsay contained in the temporary restraining order.

In Powdrill, supra, evidence of the wife's divorce and the action of the wife and son in making an affidavit charging him with a violation of the injunction entered in the divorce proceeding in an effort to have him punished was admitted to show motive. Powdrill's first trial, found at 62 Tex.Cr.R. 442, 138 S.W. 114, was reversed because the statements contained in the divorce petition were also introduced. The Court held that the allegation of the grounds for divorce and the allegation of the grounds for the injunction, wherein the defendant was charged with cruel treatment and other wrongful acts, were inadmissible. In Powdrill v. State, 69 Tex.Cr.R. 340, 155 S.W. 231, the deceased was aiding the wife of the defendant in her divorce suit, and this Court held that, where such facts show motive for the homicide, evidence that such a suit had been instituted and an injunction obtained was admissible, and that an affidavit charging the defendant with violating the injunction could be introduced.

This Court has held that while the actual allegations contained in the court papers themselves may not be admissible, the fact that a divorce had been instituted would be admissible tending to show feelings and relations of the parties. Clowers v. State, 171 S.W.2d 143.

Further, the cases relied on by the appellant in support of his contention, Yates v. State, supra; Brooks v. State, supra; Acker v. State, Tex.Cr.App., 421 S.W.2d 398; and Hoyle v. State, 153 Tex.Cr.R. 548, 223 S.W.2d 231, were reversed by this Court because the pleadings and hearsay statements contained in the pleadings and other related court papers from other lawsuits were admitted into evidence over proper objection.

In the instant case, the papers themselves were not introduced, but the oral testimony concerning the marital difficulties between the appellant and his wife was first elicited by appellant's counsel on cross-examination of a State's witness, Dr. Alan L. Staley. It was not until the prosecutor attempted to develop this testimony on re-direct did appellant's counsel enter an objection. And then only to attempt to show that any problems that existed had been reconciled. From this record, their problems had not been reconciled. Dr. Staley testified that in his capacity as marriage counselor one of the main problems existing between the parties was the discipline of the children and in particular the oldest girl, Carol; the same problem which indirectly, if not directly, gave rise to appellant shooting his wife.

■■ Also, the appellant testified without objection that his wife had filed for divorce and about his attempt to reconcile

their differences. He further stated that during the pendency of the divorce he had been admonished not to go around his wife so he shot arrows into the trailer house as a way of delivering notes to her. When one testifies to the same thing about which he complains, he has made the error, if any, harmless. No error is shown.

Lastly, the contention that the court overruled appellant's motion to permit him to electronically record the testimony of the witness during the trial is not before us for review, because there is no showing that the motion was presented to the court.

No reversible error has been shown. The judgment is affirmed.