Joe Don ERWIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50677 & 51247.

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Michael J. Rogers (Court-appointed), Cleburne, for appellant.

Frank Bobbit McGregor, Dist. Atty., Hillsboro, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for murder and attempted murder. Appellant was tried before a jury and the jury assessed punishments of 99 and 20 years, respectively. The offenses occurred on May 13, 1974, and trial commenced on July 30, 1974.

A brief review of the evidence reveals that appellant and the deceased were married on June 29, 1970. The marriage was characterized by numerous filings for divorce, separations, and reconciliations. About two months prior to the murder, appellant and deceased were separated for the last time and he suspected her of being involved with either Billy Wickman or C. J. Wickman, who owned a used car lot in Hillsboro. The evidence showed that appellant had threatened and assaulted both his wife and those he suspected of consorting with her, that he had eluded police officers, and that he had once poured sugar in the gas tank of his wife's car.

On the day in question, appellant and a companion watched as the deceased left work and went to the Wickman car lot. Claiming he just wanted "to get things straightened out," appellant left his companion's car and entered the car lot office. There he shot and killed his wife and wounded C. J. Wickman.

■ Appellant complains of the use of a divorce petition filed by the deceased against the appellant four years prior to her death. The prosecutor read the petition into the record for the purpose of impeaching appellant on cross-examination. Appellant timely objected, but he was overruled. The divorce petition alleged threats, harassment, violent temper, and fear of bodily injury and contained an allegation that appellant had run his wife's car off the highway at 70 miles per hour, causing bodily injury to her and damage to the car.

The divorce petition was objectionable as hearsay. *Barker v. State,* 509 S.W.2d 353 (Tex.Cr.App.1974); *Yates v. State,* 489 S.W.2d 620 (Tex.Cr.App.1973) and cases cited therein. In *Yates,* the introduction into evidence of two divorce petitions and two temporary restraining orders was held to violate the hearsay rule and call for reversal. The reading from the instrument in this case was no less hearsay than if it had been introduced into evidence itself. The incidental fact that the court had entered findings on his temporary restraining orders damaging to *Yates'* case does not distinguish the two cases, since the evidence in this case indicated that a temporary restraining order did issue on the basis of the pleadings read into evidence. *Yates,* supra, compels a reversal of this conviction.

■ Sec. 19.06, V.T.C.A., Penal Code,[1] permits evidence showing the previous relationship existing between the accused and the deceased as well as all relevant circumstances going to show the condition of the mind of the accused at the time of the

1. Formerly Art. 1257a, V.A.P.C.

offense. The State's reliance upon this statute is misplaced, however. It is well established that the statute neither changed, limited, nor extended the general rules of evidence relative to hearsay. *Brooks v. State*, 475 S.W.2d 268 (Tex.Cr.App.1972); *Jones v. State*, 515 S.W.2d 126 (Tex.Cr.App.1974).

In the event of a retrial upon remand of these causes, it is hoped that the State will refrain from raising the issue of the defendant's reputation at the guilt-innocence stage of the trial, that it will not phrase "have you heard" questions in such a way as to imply the defendant's guilt of the specific acts of misconduct inquired about, and that the hearsay contents of an arrest warrant that did not lead to a final conviction will not be read to the jury.

It is impossible to separate the effects of the errors discussed above as they relate to each of the convictions here. For the reasons stated, the judgments are reversed and the causes remanded.