David C. WAGGONER, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–896–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 1983.

John H. Flinn, John H. Miller, Jr., Sinton, for appellant.

Joel B. Johnson, Asst. Dist. Atty., Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of murder. The jury assessed punishment at confinement in the Texas Department of Corrections for life and a fine of $10,000.00. Appellant seeks to reverse the conviction and remand the case for a new trial and relies on five grounds of error.

The first ground relates directly to appellant's only defense, that of insanity. In this ground, the appellant claims the trial court erred in refusing to admit into evidence defendant's Exhibit No. 2, in its entirety. This exhibit consists of the record in an earlier case in the San Patricio County Court, styled "The State of Texas, For the Best Interest and Protection of David C. Waggoner, as a Mentally Ill Person." The exhibit, as offered, included certified copies of documents entitled Application for Temporary Hospitalization; Mentally Ill—Statement of Facts (a completed questionnaire containing demographic, biographic and medical information about the appellant); Waiver of Registered Mail; Notice of Hearing; Order Setting Hearing; Physician's Certificates (two); Property and Financial Statement; Writ of Commitment; Order of Protective Custody; and the certificate of the county clerk.

The State objected to all portions of the exhibit with the exception of the court's Order for Protective Custody and Writ of Commitment, on the grounds that the same was hearsay and/or the proper predicate had not been laid for its admission, and that portions of the exhibit were not relevant to any issue in the trial. After the trial court sustained the State's objection, the appellant offered separately the actual order for protective custody and writ of commitment, which were received without objection.

As authority for the admissibility of defendant's Exhibit No. 2 in its entirety, ap-

pellant relies upon Tex.Rev.Civ.Stat.Ann. arts. 3720, 3731a and 3737e (Vernon 1926 and Vernon Supp.1982). Article 3720 provides, in pertinent part:

"Copies of the records and filed papers of all public officers and custodians of records of minutes of boards, etc., and courts of this date, certified to under the hand, and the seal if there be one of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible."

Article 3731a provides, in pertinent part:

### "Domestic Records

Section 1. Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this state or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this state as evidence of the matter stated therein, . . . ."

Business records may be admitted upon proper proof of several specific conditions concerning the preparation and maintenance of the record. Article 3737e. We examine each of the excluded documents in the light of the statutes relied upon by the appellant.

■ At the outset, we note that all three statutes authorize the admission of only *relevant* evidence. The collection of records composing defendant's Exhibit No. 2 was offered as proof of the appellant's mental condition on or about the date of the temporary commitment hearing which took place about eleven months before the crime on which he is charged. The Waiver of Service, Notice of Hearing, Order Setting the Hearing and Property and Financial Statements contain no facts that are probative of the appellant's condition. Therefore, they were not relevant to that issue. If these papers could be construed as relevant because they tend to show that there was a hearing on the competency of the appellant within a year of the occurrence of the mur-

der, their rejection by the trial judge still would be harmless error because there was other competent evidence, including the Order for Protective Custody and a Writ of Commitment that proved the same facts.

That leaves us with the Application for Temporary Hospitalization, "Statement of Facts," and the Physician's Certificates. None of these four documents qualify for admission under Article 3737e. There was no showing that the information contained in any of these records was recorded or transmitted in the regular course of business by an employee with personal knowledge of the facts contained therein.

■ The Application, the "Statement of Facts," and the Physician's Certificates are nothing more than pleadings and supporting affidavits which were filed for record in the commitment matter. Article 3720 allows the introduction of certified copies of court records *insofar as the original would be admissible.* The appellant's offer of these documents as proof of the facts asserted therein made them hearsay and inadmissible. See: *Barker v. State,* 509 S.W.2d 353 (Tex.Cr.App.1974); *Brooks v. State,* 475 S.W.2d 268 (Tex.Cr.App.1972); *Hoyle v. State,* 153 Tex.Cr.R. 548, 223 S.W.2d 231 (Tex.Cr.App.1949). Article 3731a does not authorize the admissibility of these types of instruments because they are not official records *made* by a government officer or employee in the performance of the functions of his or her office or employment. Even if they were official records as contemplated in Article 3731a, the contents of such records are subject to the rules of evidence respecting relevancy, competency, and materiality. *Porter v. State,* 578 S.W.2d 742, 746–47 (Tex.Cr.App.1979); *Texas Department of Public Safety v. Nesmith,* 559 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Smith v. Riviere,* 248 S.W.2d 526 (Tex.Civ.App.—Texarkana 1951, no writ).

■ In ground of error number two, appellant claims the trial court erred in refusing to permit certain cross-examination of a State's witness. At the hearing on

punishment, the State offered the testimony of San Patricio County Chief Deputy Sheriff Leroy Moody that the appellant had a bad reputation for being a peaceful, law-abiding citizen. Upon cross-examination, after several questions designed to test Deputy Moody's opinion, appellant's counsel asked the question: "Now, sir, also you've heard some things about this case, haven't you, where someone has made threats against Mr. Flynn's life, if he participated in this case . . ." The State objected to the question on grounds of relevancy, and the trial court sustained the objection. Appellant's counsel argued that the question was designed to show the witness to be biased. On a bill of exception, Deputy Moody admitted that he had heard what he called "street talk" that appellant's counsel Flynn's life might be in danger. He indicated that he attempted unsuccessfully to find out who had started the rumor. Deputy Moody further testified that he did not tell Mr. Flynn directly of the threat, though he did warn the Honorable Don Kubicek. Also on the bill, under questioning by the State, Deputy Moody stated that none of the matters asked about by appellant's counsel had anything to do with his feeling toward the defendant or his attitude toward being called as a witness on the defendant's reputation.

The appellant has failed to show on the record or by argument how he was prejudiced by the exclusion of the above summarized testimony. It appears to us that the line of questioning as pursued on the bill of exception was not relevant to the appellant's reputation for being a peaceful and law-abiding citizen or the witness' credibility or qualification for rending an opinion about such reputation. The trial court's refusal to allow such cross-examination before the jury was not reversible error.

■ In his third and fourth grounds of error, the appellant complains of the trial court's refusal to permit two defense witnesses to testify at the punishment phase of the trial as to the "devastating effect a long term in the penitentiary would have on appellant's family." Appellant has failed to

produce any authority for the proposition that such testimony is admissible. It is certainly arguable that the desired testimony was admissible in mitigation of punishment or as relevant to the application for probation. See *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967); Tex.Code Crim.Pro.Ann. art. 37.07 (Vernon 1981). However, if the trial court's exclusion of the testimony was error, we conclude, in the light of the entire record, that such error was harmless. *Allaben v. State, supra,* at 519. See also: *Schulz v. State,* 446 S.W.2d 872, 874 (Tex.Cr.App.1969). Grounds of error three and four are overruled.

■ Finally, appellant alleges the trial court erred in overruling appellant's amended motion for new trial "because the preponderance of the evidence as a matter of law shows the appellant to have been insane at the time the offense was committed." The insanity defense is an affirmative one as to which the accused bears both the burden of producing evidence and the burden of persuasion. Tex.Penal Code Ann. §§ 2.04 and 8.01 (Vernon 1974); *Madrid v. State,* 595 S.W.2d 106, 111 (Tex.Cr. App.1980) (concurring opinion). The defendant is required to prove such defense by a preponderance of the evidence. Tex. Penal Code Ann. § 2.04; *Madrid v. State, supra,* at 118 (opinion on appellant's motion for rehearing).

Although appellant prays for a new trial, it is clear that if the defense of insanity is established as a matter of law, an acquittal must be entered. Reviewing the evidence in the light most favorable to the verdict, we find there is ample evidence to support the jury's finding that the appellant was sane at the time of the commission of the offense. The appellant introduced evidence of his temporary commitment to a State hospital approximately one year prior to the date of the offense. He also introduced documents detailing his contact with doctors at the State hospital and workers in his county mental health program. Included among these documents were notes of the diagnoses of doctors at the State hospital. Relatives and acquaintances of the appel-

lant testified as lay witnesses concerning their observations of the appellant's behavior. The State introduced the testimony of a psychiatrist whose professional medical opinion was that the appellant was sane at the time of the incident. The prosecution also relied on evidence of the actions of appellant during and after the offense. It is true that there was conflicting evidence on the issue of the appellant's sanity. However, the jury was the trier of facts and therefore the sole judge of the credibility and weight of the evidence. See *Martin v. State,* 605 S.W.2d 259, 260 (Tex.Cr.App. 1980); *Madrid v. State, supra,* at 118.

This Court's jurisdiction is apparently limited to determining whether there was any evidence to support the jury's finding of sanity; we are not empowered to consider the weight and preponderance of the evidence. *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982); see also *Martin v. State, supra,* at 261. Appellant's fifth ground of error is overruled.

All of appellant's grounds of error having been considered and overruled, the judgment of the trial court is AFFIRMED.