**David FIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–01186–CV.**

Court of Appeals of Texas, Dallas.

Feb. 27, 1985.

William L. Schultz, Hendricks & Parker, Plano, for appellant.

H. Ownby, Crim. Dist. Atty., Judy Smith, Asst. Dist. Atty., McKinney, for appellee.

Before VANCE, MILLER[1] and ELLIS[2], JJ.

PER CURIAM.[3]

This is an appeal from the involuntary temporary commitment of appellant to a mental hospital for a period not exceeding ninety days, under authority of the Texas Mental Health Code. Trial was to a jury, which found that appellant was mentally ill and required observation and/or treatment in a mental hospital. We reverse and remand.

Appellant contends on appeal that the trial court erred in admitting into evidence certificates of medical examination for mental illness filed by two physicians pursuant to TEX.REV.CIV.STAT.ANN. art. 5547–32 (Vernon 1958).[4] We agree.

Article 5547–32(a) provides that:

before a hearing may be had on an Application for Temporary Hospitalization, there must be filed with the county court Certificates of Medical Examination for Mental Illness by two (2) physicians who have examined the proposed patient within five (5) days of the filing of the Certificate, each stating that the proposed patient is mentally ill and requires observation and/or treatment in a mental hospital.

Article 5547–32(b) states that, if the certificates are not filed with the application, the county judge shall appoint the necessary physicians to examine the proposed patient and file certificates with the county court. Article 5547–34 mandates that the application be dismissed unless the certificates are on file at the time set for the hearing.[5]

Prior to the hearing on probable cause, certificates were obtained from Dr. Carney and Dr. Varcik. The certificates reflect that, in the opinion of the examining physicians, appellant was mentally ill, required observation and hospitalization and was likely to cause injury to himself or others if

1. The Honorable George E. Miller, Justice, Fourteenth Supreme Judicial District, Retired, sitting by assignment.

2. The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

3. Opinion authored by Justice George E. Miller, deceased.

4. The application for temporary hospitalization was filed on August 21, 1983. Field was placed in protective custody on August 22, 1983, pending the probable cause hearing. A probable cause hearing was held on August 23, 1983, wherein appellant was placed in protective custody pending the final commitment hearing.

The trial was held on September 9, 1983. The new Mental Health Code became effective September 1, 1983. However, Article 5547 § 100 of the new code provides that "a proceeding for the commitment of a person to a state hospital begun before the effective date of this code is governed by the law existing at the time the proceeding was begun...." Because the "proceedings" for commitment began before the effective date of the new code, unless otherwise noted, all references are to the former code provisions.

5. Similar provisions may be found in Article 5547–46 of the new Mental Health Code.

not restrained. An additional certificate by Dr. Varcik was made after the probable cause hearing. It went into more detail concerning the physician's observations of appellant's behavior. Although the examining physicians were not available to testify, all three certificates were offered into evidence by the State at trial. Appellant's counsel objected on the grounds that the certificates were hearsay and that there was no opportunity for cross-examination. The court overruled the objections and admitted the exhibits into evidence. Appellant's counsel then filed a motion for continuance wherein he reurged his objection and requested enough time to subpoena the physicians. The motion was denied.

As authority for the admissibility of the certificates, the State relies upon TEXAS RULE OF EVIDENCE § 803(8). Effective September 1, 1983, this rule provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

The State argues that the two original certificates were prepared as a result of an authorization by the Justice of the Peace on the Order of Emergency Detention and at the directive of the Mental Health Code. The State also maintains that the second certificate prepared by Dr. Valcik was ordered by the court after the probable cause hearing. The State thus concludes that the certificates were official records and admissible as exceptions to the hearsay rule. The State supports this argument by pointing out that the certificates were: 1) made in the regular course of the physicians' duties; 2) sworn to by the physicians before a notary public; and 3) were on file in the court and available to appellant and his counsel.

At the outset, we note that none of these documents qualify for admission under TEXAS RULE OF EVIDENCE 803(8). There was no showing that the information in any of the certificates was a record, report, statement or data compilation of a public office or agency. They were merely introduced into evidence without a testifying witness or further elaboration on their authenticity. Furthermore, the certificates were generated for jurisdictional purposes as required by Article 5547-34. As stated in *Waggoner v. State*, 649 S.W.2d 667, 669 (Tex.App.—Corpus Christi 1983, no pet.), the certificates "are nothing more than pleadings and supporting affidavits which were filed for record in the commitment matter." *Waggoner* construed Article 3731a, repealed by the new Texas Rules of Evidence. That statute provided:

Section 1. Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employ-ment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3.

*Waggoner* held that Article 3731a does not authorize the admissibility of physician's certificates because they are not official records *made* by a government officer or employee in the performance of the functions of his or her office of employment. Furthermore, that court held that, even if they were official records as contemplated in Article 3731a, the contents of such records are subject to the rules of evidence respecting relevancy, competency, and materiality. Similarly, we hold that the physicians' certificates were not public records or reports as contemplated by TEXAS RULE OF EVIDENCE 803(8). Additionally, even if they are official records, the proper predicate, which would have ren-

dered them admissible under TEXAS RULE OF EVIDENCE 803(8), was not shown. In view of the improper admission of the certificates, we reverse the judgment of the trial court and remand this cause to the trial court for proceedings consistent with this opinion.

