**Lee Roy PANNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44563.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 29, 1972.

---

Procter & Jones by Les Procter, Austin, for appellant.

Robert O. Smith, Dist. Atty., Phillip A. Nelson, Jr. and Michael J. McCormick, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawful possession of unstamped ciga- rettes for the purpose of transportation and distribution. The punishment assessed by the jury was 2 years.

An earlier conviction of this appellant for the same offense was reversed. Pannell v. State, Tex.Cr.App., 384 S.W.2d 350.

The second count of the present indict- ment, upon which appellant was prose- cuted, alleges that the appellant

" . . . did then and there unlawfully have in his possession for the purpose of transportation and distribution packages of cigarettes, upon which a State ciga- rette tax was required to be paid, in quantities of more than 10,000 cigarettes without having affixed to each individu- al package of cigarettes the proper stamp evidencing the payment of the Cigarette Tax for the State of Texas and without having obtained from the Treasurer of the State of Texas the req- uisite number of stamps necessary to stamp such packages of cigarettes, the said LEE ROY PANNELL not then and there being a distributing agent, bonded distributor or common carrier. . . ."

Appellant challenges the sufficiency of the evidence to sustain his conviction, con- tending the State failed to prove "the pur- pose of transportation and distribution," that appellant was not a common carrier, or was in possession of cigarettes upon which a tax was required to be paid, citing Articles 7.02, 7.04, Title 122A, V.A.C.S. Appellant also claims the search of the truck trailer involved by virtue of a search warrant was illegal and in violation of the Fourth and Fourteenth Amendments, Unit- ed States Constitution. He points out the search warrant affidavit, among other things, was defective in light of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723. The State concedes the affida- vit may not meet the two prong test of Aguilar, but contends this search (on Janu- ary 4, 1963) by virtue of a warrant pre- dated the Aguilar decision (June 15, 1964) and that such decision should not be given

**588**

retroactive effect. Cf. Davis v. Beto, 368 F.2d 999 (5th Cir. 1966), cert. den. 386 U.S. 1040, 87 S.Ct. 1498, 18 L.Ed.2d 603 (1967); Flores v. Beto, 374 F.2d 225 (5th Cir. 1967); Doby v. Beto, 371 F.2d 111 (5th Cir. 1967). Cf. also Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388; Thornton v. State, Tex.Cr. App., 451 S.W.2d 898. The State further contends that there was probable cause for a warrantless search or an administrative search by virtue of Articles 7.27, 7.01, 7.30, Title 122A, V.A.C.S.

We need not determine any of these contentions as we conclude that appellant's claim that the court erred in admitting into evidence State's Exhibit #8 is dispositive of the case before us. Said exhibit involved, among other things, a sheriff's bill of sale arising out of an order of sale entered in a civil suit in a Dallas County district court against the appellant and Joe Bowman, 567 cases of cigarettes and one truck and semi-trailer.

The record reflects that on January 4, 1963, Texas Ranger Robertson, as a result of a telephone call stationed himself on Highway 114 and while there he saw the appellant driving a truck and trailer toward Dallas some six or seven miles from town. He followed appellant until he parked the truck and trailer behind a service station in the city of Dallas. The appellant then left the scene at approximately 10 a.m. Robertson kept the truck and trailer under surveillance until 3 p.m. when appellant returned. He then approached the appellant and asked to look at the cargo. Appellant refused telling Robertson he would have to see Joe Bowman whom the Ranger had learned was the name in which the truck and trailer were registered. At this point J. D. Pugh, Supervisor of the Dallas District for the State Comptroller's office, appeared, identified himself and told the appellant he had the authority to search the contents of the truck and trailer. Appellant refused, demanding a search warrant. Ranger Captain Crowder then produced a search warrant and the trailer was searched.

The search revealed 566 or 567 cases of unstamped cigarettes which were seized. The appellant was not then arrested. His arrest came sometime later.

By other evidence the State attempted to show that the appellant had acquired these cigarettes in the State of Colorado and transported them into Texas.

At the guilt stage of the trial the State, over protracted and vigorous objection that the exhibit was hearsay and highly prejudicial, introduced State's Exhibit #8 which contained the contents of a sheriff's bill of sale arising out of an order of sale issued out of the 116th District Court of Dallas County on February 25, 1963, subsequent to the date of the alleged offense. Said bill of sale reflected that the State of Texas as plaintiff had recovered judgment in the civil suit against the appellant and one Joe Bowman, 567 cases of cigarettes, one truck and semi-trailer which matched the description of the vehicles in appellant's possession given by the officers who conducted the search on January 4, 1963. The bill of sale reflected that the vehicles involved were sold to one Jack West on the 11th day of March, 1963. Over objection the State also offered an application for certificate of title by Jack West dated April 12, 1963.

It was the State's position that the introduction of these instruments was the only way to show that the vehicles in question were registered to a Joe Bowman. We cannot agree.

At a time when the issue of guilt had not been resolved the State offered into evidence instruments arising out of another law suit which reflect that the State had already recovered judgment in that suit against the appellant and Joe Bowman and

that the identical truck and trailer as well as 567 cases of cigarettes had been forfeited by order of court and ordered sold. In effect, the jury was told another court had before it sufficient evidence of appellant's guilt to order forfeiture.

"As a general rule a judgment in a prior case determining issues of fact will not be received as evidence of those facts in a later suit. This rule of exclusion has been consistently followed by Texas Courts." Texas Law of Evidence, McCormick and Ray, Vol. II, Sec. 1279, p. 149.

In the instant case the introduction of the contents of the sheriff's bill of sale arising out of another law suit and reflecting the findings of the court was inadmissible as hearsay and clearly prejudicial. The action of the court was erroneous, it having no other effect than to show that the allegations in the indictment were true by what transpired in another law suit. Dunagain v. State, 38 Tex.Cr.R. 614, 44 S. W. 148, 149 (Tex.Cr.App.1898); Busby v. State, 51 Tex.Cr.R. 289, 103 S.W. 638, 647 (Tex.Cr.App.1907); Arnold v. State, 148 Tex.Cr.R. 310, 186 S.W.2d 995 (Tex.Cr. App.1945). See also Brooks v. State, 475 S.W.2d 268 (Tex.Cr.App.1972); Acker v. State, 421 S.W.2d 398, 402 (Tex.Cr.App. 1967); Hoyle v. State, 153 Tex.Cr.R. 548, 223 S.W.2d 231 (Tex.Cr.App.1949).

If the State had been content with a showing as to when the vehicle was registered in the Bowman name and when there had been a transfer so as to reflect ownership on January 4, 1963, there would have been no error.

The introduction of the prejudicial hearsay calls for reversal.

The judgment is reversed and the cause remanded.

DOUGLAS and MORRISON, JJ., not participating.