Michael Lee SHARPE, Appellant,

v.

The STATE of Texas, Appellee.

No. 63647.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1983.

Alex M. Johnston, Mesquite, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, Earl Cross and Richard Aguire, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft over $20.00 but less than $200.00. After the jury found appellant guilty, the court assessed punishment at three days and a fine of $300.00.

Appellant complains of the following comment by the trial court to the jury panel after voir dire:

"I want to caution you as a practical matter, you'll be asked and called upon to make a decision as to the facts in this particular case. Nobody expects you to be intellectually dishonest, but *the law does infer compromise as far as you feel like that is the right thing to do.*" (Emphasis added).

■ To constitute reversible error in violation of Art. 38.05, V.A.C.C.P., the comment of the court must be such that it is reasonably calculated to prejudice the de-

fendant's rights. *Marks v. State,* 617 S.W.2d 250 (Tex.Cr.App.1981). The record reflects no objection was made to the trial judge's comment. Error, if any, was waived for failure to object. *Downey v. State,* 505 S.W.2d 907 (Tex.Cr.App.1974).

■ Appellant also contends the trial court erred when it denied his request to use pleadings from a civil action to impeach the State's witness, Troy Davis. On October 27, 1978, Arnett Lee went to the Bon-Ton Liquor Store to cash his paycheck and to buy some beer and scotch. Lee endorsed the check and gave it to Davis. Davis laid the check on the cash register, counted out approximately $152.00, and placed the money on the counter. Before Lee could pick up the money, appellant grabbed approximately $110.00 of it and fled the scene on foot. Davis testified at trial he was the owner of the money.[1]

In *Oliver v. State,* 551 S.W.2d 346 (Tex.Cr.App.1977), it was stated:

"This Court has consistently held that the pleadings and judgments from other cases are inadmissible as hearsay. *Acker v. State,* 421 S.W.2d 398 (Tex.Cr.App. 1967); *Yates v. State,* 489 S.W.2d 620 (Tex.Cr.App.1973); *Brooks v. State,* 475 S.W.2d 268 (Tex.Cr.App.1972); *Bushy v. State,* 51 Tex.Cr.R. 289, 103 S.W. 638 (1907) (case 3, on motion for rehearing); *Pannell v. State,* 477 S.W.2d 586 (Tex.Cr. App.1972)."

It appears to be the position of the appellant that the pleading in the civil suit attempted to be introduced in the instant case is an exception to the foregoing rule in that it is an inconsistent statement by the witness. The thing which is essential to this method of attack is that a real inconsistency exists between the prior statement and the present statement of the witness. Ray, Texas Law of Evidence, 3rd ed. 1980, Sec. 697. It must be remembered the proof of ownership sufficient to recover in a civil

1. "Owner" for purposes of the instant case is defined in V.T.C.A. Penal Code, Sec. 1.07(a)(24) as follows:

"(24) 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

suit is obviously far different than that required to prove ownership of property[2] alleged to have been taken in a theft prosecution.

To allow the witness in the instant case to be impeached with the pleading in the civil case is to permit impeachment with an averment of a legal conclusion of ownership in a civil suit pleading which has a far different meaning from that term in a criminal prosecution. In his brief appellant concedes that he can find no cases to support his position. I neither find authority nor reason to accept same. No error is shown.

■ As to appellant's contention that there is a variance between the allegation of ownership in the charging instrument and the evidence adduced at trial we must remember the ultimate issue to be determined in this case is whether the State has proved beyond a reasonable doubt that appellant is guilty of theft in accordance with the law charged and not whether Davis or Lee (or his employer) is the ultimate owner, the subject of a civil lawsuit. At the time the money was picked up by the appellant, the money in question was on the counter. Lee had not made his indicated purchase. Despite the fact that Davis had stamped the check and placed it in front of the register the transaction had not been completed. Under Sec. 1.07(a)(24), supra, and our decisions construing same, the State had discharged its burden in proving that Davis was the owner.[3]

■ Appellant also contends the court erred when it denied his requested jury instruction requiring an affirmative finding, beyond reasonable doubt, that Davis had not divested himself of ownership at the time appellant took the money. The jury was charged as follows:

" 'Owner' means a person who has title to the property or possession of the property. 'Possession' means actual care, custody, control, or management of the property.

" . . .

"Now if you find from the evidence beyond a reasonable doubt that on or about the 27th day of October, 1978, in the County of Dallas and State of Texas, the defendant, Michael Lee Sharpe, did unlawfully appropriate from Troy Davis, the owner, current money of the United States of America belonging to said owner, without the effective consent of said owner, with intent to deprive the said owner of said property, . . . then you will find the defendant guilty of theft, as charged in the information."

The court's charge tracked the statutory language of the Penal Code, Secs. 1.07(a)(24) and (28), supra. The modified definition of "owner" set forth in the charge was done at appellant's request. A definition in a charge tracking the statutory definition given to a specific term is sufficient. *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr.App.1977). When a refused charge is adequately covered by the charge given, no harm is shown. *Vidaurri v. State,* 626 S.W.2d 749 (Tex.Cr.App.1981). We find no harm and overrule the ground of error.

■ Finally, appellant argues the State engaged in improper jury argument. The prosecutor stated:

"He [Davis]'s out one hundred fifty-two dollars just plain and simple as that. . . He's been out one hundred fifty-two dollars of his hard-earned money and this man took it."

Appellant's objection was overruled. It appears to be appellant's position that own-

---

2. In *Johnson v. State,* 606 S.W.2d 894, a security guard was held to be an "owner" as against a thief who had taken sweaters. In *Smallwood v. State,* 607 S.W.2d 911, it was held that a dock worker was proven to be "owner" at the time of the offense. See also *Compton v. State,* 607 S.W.2d 246 (Opinion on State's Motion for Rehearing) where a corporate regional manager was held to be "owner."

3. This is not to suggest that had Lee been alleged to have been the owner, that the proof adduced here would not have supported this conclusion since his right to the money was superior to that of the appellant. We find it unnecessary to reach this question under the posture of this case.

ership of the $152.00 is the subject of a civil lawsuit pending between Davis and the maker of the check and that the prosecutor's comment amounted to an unwarranted legal conclusion. Under the factual posture of this criminal prosecution, coupled with the definition of ownership applicable herein, we perceive no reversible error.

The judgment is affirmed.

CLINTON, Judge, dissenting.

Witnesses called by the State testified that Arnette Lee entered a liquor store owned and operated by Troy Davis in Dallas County and asked Davis to cash his paycheck for $152 and some change. Davis agreed, Lee endorsed the check, and Davis stamped it and placed it on the ledge in front of the register.[1] Davis went to the office for the bulk of the money, then back to the register for the coins. He counted out the money, placing it on the counter in front of Lee. Lee did not reach for the cash.

Davis then turned and began walking away to get some beer, which Lee had indicated he wished to purchase. As Davis took his first step away from the cash, he looked over his shoulder and saw appellant reach around from behind Lee, grab some of the cash, and run out of the store.

Confusion ensued regarding the proper disposition of the forty dollars remaining on the counter in front of Lee. The policeman who arrived at the scene radioed his substation and advised Lee to take the cash, which Lee did. Lee telephoned his employer, who that same day fully compensated Lee for the money stolen. Davis deposited the check in his bank, but it was not honored because Lee's employer had stopped payment. Davis testified that he turned the matter over to his attorney and that he "believed" there was a suit pending against Lee's employer.

Prior to trial the State presented a motion in limine regarding "anything in any civil proceeding." The trial court's ambiguous ruling, as I understand it, was that defense counsel would be permitted to question the witness about "filing a lawsuit and against whom it was filed;" however, he would not be permitted to introduce an unverified pleading. Appellant took "exception" to that ruling.

At trial Davis answered affirmatively when the prosecutor asked, "Did you in fact cash his [Lee's] check?" However, Davis also claimed at trial that he was the owner of the cash when it was snatched from the counter.

As the *State* says in its brief:

"In an attempt to impeach the testimony of Troy Davis, Appellant sought to introduce the pleadings from a civil trial in which Troy Davis took a position inconsistent with his claim here that he was the owner of the money in question.[2] The record indicates *the trial court ruled Appellant's impeachment evidence was inadmissible and prevented Appellant from laying the proper predicate for the introduction of such evidence.*[3] Appellant contends the above ruling of the trial court constituted reversible error."

The record makes it clear that upon objection by the prosecutor, and once *sua sponte,* the trial court prevented defense counsel from laying the predicate for impeachment of Davis with allegations in the civil pleading that are inconsistent with the position taken by Davis at trial in this case. Defense counsel was not permitted to introduce the pleading or even to elicit from Davis whether he authorized his attorney to file it.

Prior inconsistent statements made by witnesses may be used for impeachment. Ray, Texas Law of Evidence, 3rd ed. 1980,

---

1. A photocopy of both sides of the check, included in appellant's bill of exceptions, shows that it was stamped:

"FOR DEPOSIT ONLY
BON–TON LIQUORS
2216 Second Dallas, Texas"

2. The pleading appears in the record in appellant's bill of exception.

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

§ 687, *et seq.* 1 Texas Practice 625.[4] The court erred in not permitting appellant to impeach Davis with the prior inconsistent stance taken by him in the civil case.

Appellant also contends that a fatal variance developed between the allegation of ownership in the information and the evidence adduced at trial. The information alleged that Davis was the owner of the cash, but the proof established that Davis had cashed the check for Lee before the theft.

In addressing this ground of error the majority opinion merely sets out the definitions of "owner" and "possession" in V.T.C.A. Penal Code, §§ 1.07(a)(24) and (28),[5] respectively, and then concludes that Davis was "an owner" as defined by the statutes. The majority does not attempt to explain how, after Davis had cashed the check for Lee, Davis still could have "title" to or "possession" of the cash, or "a greater right to possession" of it than appellant. Davis could not own both the check and the cash on the counter at the same time.[6]

The evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Davis was the owner of the cash when it was snatched from the counter.

I respectfully dissent.

ODOM, TEAGUE and MILLER, JJ., join this dissent.

---

4. This rule is separate from the one involving admissions made by a *party* opponent in prior proceedings. The State's reliance upon the fact that Davis is not a "party" in this case is misplaced.

5. Section 1.07(a)(24), supra, defines "owner" as "a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

   Section 1.07(a)(28), supra, defines "possession" as "actual care, custody, control, or management."

6. V.T.C.A.Bus. & C., § 3.302(a) reads as follows:

   "A holder in due course is a holder who takes the instrument

   (1) for value;

   (2) in good faith; and

   (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

   Section 3.303, supra, states in pertinent part:

   "A holder takes the instrument for value

   (1) to the extent that the agreed consideration has been performed. . . ."