In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00012-CR


______________________________




RANDY ALAN JELKS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Harris County, Texas


Trial Court No. 917638




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Randy Alan Jelks has filed a motion in which he moves this Court to dismiss his
appeal pursuant to Tex. R. App. P. 42.2. His motion is granted.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: March 11, 2003

Date Decided: March 12, 2003


Do Not Publish



PAN STYLE="font-family: Times New Roman">
Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley


Concurring Opinion by Justice Carter

MEMORANDUM OPINION



 Robert Edward Tuttle appeals his conviction by a jury for aggravated assault with a deadly
weapon. The State's evidence showed that Tuttle stabbed the victim, Robert Wayne Pugh, with a
knife. The jury found Tuttle guilty, found the enhancements to be true, and assessed punishment at
life imprisonment. On appeal, Tuttle raises two points of error: (1) that the trial judge improperly
commented on the weight of the evidence during voir dire and (2) that Tuttle received ineffective
assistance of counsel.

I. Factual Background

 Harold Johnson, a truck driver employed by Allied Van Lines (hereinafter Allied), met Pugh
at a truck stop in Arizona and, with approval from his superiors, hired Pugh as a driver for Allied. 
At the time of Tuttle's hire, Johnson and Pugh were working together. For two to three weeks, the
three worked as a team for Allied hauling furniture and other items.

 After having received their pay, the three-man team stopped at a truck stop in Dallas where
Tuttle purchased some beer from a nearby liquor store. The team then proceeded east with Pugh
driving the truck, Tuttle riding in the passenger seat, and Johnson riding in the sleeper compartment. 
When Pugh stopped at a truck stop in Sulphur Springs, Pugh needed help backing the truck into a
parking spot, so he requested Tuttle get out and "spot" or help direct the backing of the truck. Tuttle,
who had been drinking since his purchase of beer, responded with a profane and vulgar retort. Pugh
again requested that Tuttle get out of the truck and he testified that Tuttle's abusive nature was
making him nervous. When Tuttle failed to comply, Pugh testified that he exited the truck with the
intent of calling the police. 

 As Pugh proceeded around the truck, Tuttle called out and then stabbed Pugh in the abdomen
with a knife and said, "how do you like that, [b***h]." Robert L. Bowers, a truck driver who was
walking across the well-lit parking lot, testified that he observed a knife in Tuttle's hand and saw
Tuttle stab Pugh. When he arrived at the scene, Officer Brandon R. Stribling, a peace officer
employed by the City of Sulphur Springs, testified he could smell the odor of alcohol on or about
Tuttle and testified that Tuttle had blood on his shirt. Officer Stribling recovered a knife with some
tissue and fluid on it from the passenger side of the truck.

II. The Trial Judge Did Not Comment on the Weight of the Evidence

 In his first point of error, Tuttle claims the trial judge commented on the weight of the
evidence during voir dire. While explaining the range of punishment during voir dire, the trial judge
made the statement: "I cannot imagine a case where I would give two years." According to Tuttle,
this comment constituted a comment on the evidence and tainted the trial. The State argues that
Tuttle failed to preserve error for appellate review and that the comment was not a comment on the
weight of the evidence.

 Article 38.05 of the Texas Code of Criminal Procedure provides, in part, that a judge may
not "at any stage of the proceeding previous to the return of the verdict, make any remark calculated
to convey to the jury his opinion of the case." Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon
1979). Further, due process requires a neutral and detached hearing body or officer. Brumit v. State,
206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Thus, a trial judge must maintain an attitude of
impartiality throughout the proceedings. Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)
(plurality op.). A trial court improperly comments on the weight of the evidence if it makes "a
statement that implies approval of the State's argument, that indicates any disbelief in the defense's
position, or that diminishes the credibility of the defense's approach to its case." Hoang v. State, 997
S.W.2d 678, 681 (Tex. App.--Texarkana 1999, no pet.) (footnotes omitted) (citations omitted). In
our review, we must consider "whether the remarks by the trial court were made in the presence of
the jury and whether the trial judge's comments, however impartially they may have been made, may
have led the jury to infer the judge's own opinion of the merits of the case." Id. (footnotes omitted)
(citations omitted).

 During voir dire, the trial judge was in the process of explaining the range of punishment and
questioning the potential jurors concerning whether they could consider the entire range of
punishment. The trial judge stated:

 Now this is a second degree felony. The range of punishment is a term in the
Institutional Division or the prison system between two and twenty years in prison. 
Two and twenty years in prison. 


 Now, based on the type of offense that I just told you about, again not
applying to this defendant, but I want to tell you that the range would be two to
twenty.


 Is there anyone who would say two is just too little? I cannot imagine a case
where I would give two years.


 I take it by your silence everyone could.


 The quotation above (which is precisely as it is shown in the reporter's record) is illustrative
of the advantage which those being present and having the opportunity to hear statements as they are
uttered enjoy over those who read the cold words on a page. (1) In addition, it is demonstrative of the
value of accurate punctuation. These same words, punctuated differently, convey an entirely
different meaning:

 Now this is a second degree felony. The range of punishment is a term in the
Institutional Division or the prison system between two and twenty years in prison. 
Two and twenty years in prison. Now, based on the type of offense that I just told you
about, again not applying to this defendant, but I want to tell you that the range would
be two to twenty.

 Is there anyone who would say, "Two is just too little. I cannot imagine a
case where I would give two years?" I take it by your silence everyone could.


 The glaring absence of the quotation marks shown above from the reporter's record renders
the last sentence ("I take it by your silence everyone could") strangely nonsensical. With the
quotation marks inserted, this statement reveals that the trial judge was instructing the jury panel that
each of the members of that panel must be willing to consider the entire range of punishment--from
two years to twenty years--even if it were at the lower end of the punishment scale. When the
quotation marks are inserted, the statement of the trial judge makes sense and is an accurate inquiry
to make of the jury panel; without them, the reader must wonder what was intended.

 The quoted statement did not evoke any objection or comment from Tuttle at the time it was
made; it is most likely that the reason that it did not is because it was made in the fashion which we
discuss above, not as a comment that the trial judge did believe that a two-year sentence was an
insufficient penalty for Tuttle's crime. Therefore, Tuttle's trial counsel would not have been remiss
in not having lodged an objection to it. 

 When there are two possible interpretations which can be given to the utterances of a trial
judge, we will not assume the worst and presume error. See State v. Ross, 32 S.W.3d 853, 857 (Tex.
Crim. App. 2000).

 However, if we (for the sake of argument) do presume that the statement was not couched
in the terms that we believe that it was, we are confident the trial judge nevertheless intended his
comments to be innocuous. Most likely the trial judge did not intend the comment to be construed
as a comment on the weight of the evidence--rather, the comment was probably a poorly articulated
explanation of the question. The trial judge's comment, though, could have been interpreted to imply
a disbelief that the defendant should be sentenced to only two years. If intended as such, the
comment would have been improper.

 Tuttle argues that the comment constitutes fundamental error and that no objection was
required. As a general rule, in order to preserve a complaint for review on appeal, the claimed error
must have been presented in the trial court, thereby providing the trial court the opportunity to
correct any error during the course of the trial. See Tex. R. App. P. 33.1(a). The Texas Court of
Criminal Appeals has held "our system may be thought to contain rules of three distinct kinds: (1)
absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the
system unless expressly waived; and (3) rights of litigants which are to be implemented upon
request." Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), modified in part by Cain
v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); see Saldano v. State, 70 S.W.3d 873, 887-88
(Tex. Crim. App. 2002). Fundamental errors exist when rights are violated that are considered so
fundamental to the proper functioning of our adjudicatory process that they cannot be forfeited and
are not extinguished by inaction alone. Blue, 41 S.W.3d at 131. Instead, for an accused to lose a
fundamental right, he or she must expressly relinquish that right. Id. 

 We agree with the State that Tuttle forfeited any error by failing to object to the trial judge's
comments. In Blue, a plurality of the Texas Court of Criminal Appeals held that the judge's
comments tainted the presumption of innocence and were fundamental error of constitutional
dimension. Id. at 129. Justice Keasler concurred in the result, reasoning that the judge's comments
violated the right to an impartial judge, a structural error. Id. at 139 (Keasler, J., concurring). The
Texas Court of Criminal Appeals has since held that even if it were bound to follow Blue, the
comments must be of such nature that they taint the presumption of innocence or vitiate the
impartiality of the jury to amount to fundamental error. Jasper v. State, 61 S.W.3d 413, 421 (Tex.
Crim. App. 2001) (noting Blue was a plurality op.); Carpenter v. State, No. 06-05-00211-CR, 2006
Tex. App. LEXIS 6504 (Tex. App.--Texarkana July 26, 2006, no pet.) (mem. op., not designated
for publication); cf. Sanchez v. State, 120 S.W.3d 359, 365-66 n.18 (Tex. Crim. App. 2003) (citing
Blue, 41 S.W.3d 129 (for the proposition that judicial comments on the weight of the evidence are
fundamental error)). The short inadvertent statement by the trial judge was not focused on Tuttle's
guilt or impairing the jury's impartiality. The comment in this case does not taint the presumption
of Tuttle's innocence or vitiate the jury's impartiality. As such, the trial judge's comments are not
fundamental error.

 Even if error had been preserved, any error would be harmless. (2) "Except for certain federal
constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it
relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically
immune to a harmless error analysis." Cain, 947 S.W.2d at 264 (footnotes omitted). Whether the
trial court's improper comment constitutes reversible error is governed by Rule 44.2 of the Texas
Rules of Appellate Procedure. Simon v. State, 203 S.W.3d 581, 593 (Tex. App.--Houston [14th
Dist.] 2006, no pet.); Lewis v. State, No. 06-03-00228-CR, 2004 Tex. App. LEXIS 6031 (Tex.
App.--Texarkana July 7, 2004, pet. ref'd) (not designated for publication); see Tex. R. App. P. 44.2. 

 In determining whether an error resulted in harm, we must first determine whether the error
is constitutional. See Tex. R. App. P. 44.2(a), (b). "Constitutional error is 'an error that directly
offends the United States Constitution or the Texas Constitution without regard to any statute or rule
that might also apply.'" Rodgers v. State, 111 S.W.3d 236, 247 (Tex. App.--Texarkana 2003, no
pet.) (quoting Alford v. State, 22 S.W.3d 669, 673 (Tex. App.--Fort Worth 2000, pet. ref'd)). An
improper judicial comment will be constitutional error if the appellant is deprived of his right to have
a jury determine an issue. The Fourteenth District Court of Appeals has explained:

 Whether a comment on the weight of the evidence constitutes "constitutional error"
depends upon the context in which it is made. For example, where an inadvertent
comment is made by the trial judge in the presence of the jury that could be
interpreted to suggest the trial judge holds an opinion as to some factual issue in the
case, the error may prejudice the defendant, but it would not necessarily have the
effect of deciding the issue or removing it from the jury's consideration. However,
if the comment is improperly inserted in the court's charge, it may remove some
element or fact issue from the jury's consideration and thereby deprive the defendant
of a jury trial on the disputed element or fact issue. Only in the later case would the
erroneous comment constitute constitutional error.


Watts v. State, 140 S.W.3d 860, 863 n.1 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd). The
trial judge's comment in this case did not remove a disputed element or fact issue from the jury's
consideration. The erroneous comment was not constitutional error--rather, the comment was
merely a statutory violation of Article 38.05. See Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon
1979).

 Under Rule 44.2(b), we disregard the error if it does not affect the appellant's substantial
rights. See Tex. R. App. P. 44.2(b). A "substantial right" is affected "when the error had a
substantial and injurious effect or influence in determining the jury's verdict." King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). A comment in violation of Article 38.05 must have been
reasonably calculated to prejudice the defendant's rights to constitute reversible error. Sharpe v.
State, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983); Clark v. State, 878 S.W.2d 224, 226 (Tex.
App.--Dallas 1994, no pet.). The appellate court makes this determination by examining whether
the trial court's statement was material to the case. Clark, 878 S.W.2d at 226. An issue is material
if the jury has the same issue before it. Id. 

 At punishment, the State presented evidence of the severity of Pugh's injuries. Dr. Paul
Hines, the emergency room surgeon who operated on Pugh, testified that part of Pugh's omentum
was protruding from the wound when Pugh arrived at the hospital. Although Pugh's injuries were
not as severe as they could have been given the location of the wound, Dr. Hines testified the rectus
muscle and an artery that runs behind the muscle had been damaged. According to hospital records,
Pugh was hospitalized for approximately twelve days. (3) 

 The State also introduced evidence of Tuttle's extensive criminal history. The record
contains judgments from Tennessee and Minnesota showing that Tuttle had been previously
convicted of theft, theft by check, assault, possession of a controlled substance on jail grounds,
voluntary manslaughter, and aggravated burglary. In addition, the penitentiary packet includes a
computer printout listing over thirty other prior charges and convictions.

 The short, passing, obviously inadvertent comment by the trial judge was harmless. Further,
the comment was made before either party had made an opening argument and before any evidence
had been introduced. The trial was such that this comment, made during voir dire and apparently
overlooked at the time, would certainly have lost, by the time the jury assessed punishment, any
slight force it might have had at the time it was made. The jury was instructed as to the appropriate
range of punishment. The jury was also presented with evidence concerning the severity of Pugh's
wound and Tuttle's extensive criminal history. The punishment assessed was the maximum available
term of imprisonment. Even if the trial judge's comment implied the minimum punishment was not
appropriate, the sentence assessed is so distant from the minimum sentence that any correlation is
tenuous at best. We are confident the trial judge's comment did not have a substantial and injurious
effect or influence on the jury's assessment of punishment.

 We note both Tuttle and the State cite Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App.
1984) (op. on reh'g), for the proposition that the error should be examined for egregious harm. (4) We
are not convinced Almanza applies in this context. Because the complained-of comment does not
concern jury charge error, Almanza may not apply. Neither party has cited any authority that the
Almanza standards apply to comments which do not involve jury charge error. (5) Even if Almanza
applies, we are unable to conclude that the comment resulted in harm so egregious that Tuttle was
denied a fair and impartial trial. The comment did not result in egregious harm. 

 The comment complained of does not rise to the level of reversible error, and certainly not
fundamental error. See Jasper, 61 S.W.3d at 420-21; Nino v. State, 223 S.W.3d 749 (Tex.
App.--Houston [14th Dist.] 2007, no pet.); cf. Brumit, 206 S.W.3d at 645 (trial court's comments
did not violate due process); Almanza, 686 S.W.2d at 171 (jury charge error). We overrule Tuttle's
first point of error. 

III. Tuttle Has Failed to Show He Received Ineffective Assistance of Counsel

 In his second point of error, Tuttle argues he was denied effective assistance of counsel. 
Tuttle claims his trial counsel's performance was deficient because counsel failed to object to the
comment discussed above and failed to present evidence of mitigation at punishment. Both the Sixth
Amendment and the Texas Constitution confer a right to effective representation of counsel. U.S.
Const. amend. VI; Tex. Const. art. I, § 10. If counsel's performance is ineffective, the conviction
cannot stand. 

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim, an appellant must prove by
a preponderance of the evidence (1) that his counsel's representation fell below an objective standard
of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S.
at 689; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the
appellant must prove that his attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for his attorney's deficiency,
the result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Under this standard, a claimant must prove that counsel's representation so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result. Strickland, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. Id. at 689;
Tong, 25 S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel
at trial, nor will the fact that another attorney might have pursued a different course support a finding
of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another
attorney, including appellant's counsel on appeal, might have pursued a different course of action
does not necessarily indicate ineffective assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex.
App.--Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 When, as here, ineffective assistance is raised on direct appeal, appellate counsel and the
court must proceed on a trial record not developed for the object of litigating or preserving the claim
and thus often incomplete or inadequate for this purpose. Freeman v. State, 125 S.W.3d 505, 506
(Tex. Crim. App. 2003); cf. Massaro v. United States, 538 U.S. 500, 504-05 (2003). "[W]hen no
reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below
an objective standard of reasonableness as a matter of law, regardless of whether the record
adequately reflects the trial counsel's subjective reasons for acting as she did." Andrews v. State, 159
S.W.3d 98, 102 (Tex. Crim. App. 2005).

 Tuttle claims his trial counsel performed deficiently for failing to present any mitigating
evidence during punishment. Tuttle claims that, at a minimum, counsel could have called Tuttle's
family and friends to testify about Tuttle's good qualities, work history, and family ties. In order to
establish that trial counsel was ineffective for failing to call witnesses, the evidence must show that
witnesses were available and that the testimony of the available witnesses would have benefitted the
defense. See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Bates v. State, 88 S.W.3d
724, 728 (Tex. App.--Tyler 2002, pet. ref'd); Mares v. State, 52 S.W.3d 886, 892 (Tex.
App.--San Antonio 2001, pet. ref'd). Tuttle merely argues that his trial counsel could have called
Tuttle's family and friends. However, Tuttle fails to identify any such potential witness or witnesses. 
Further, Tuttle has wholly failed to show witnesses were available or that their testimony would have
actually benefitted his defense. Tuttle has failed to show that his counsel was ineffective for failing
to present evidence of mitigating factors.

 Tuttle also argues that his trial counsel's performance was deficient because counsel failed
to object to the trial judge's comment on the weight of the evidence. As discussed above, any
impermissible comment must be inferred from the trial judge's statement; we believe that the court
reporter should have inserted quotation marks around a portion of the trial judge's comments to the
jury in order to accurately convey his intended statement; if that is correct, there was nothing in the
judge's comments to which trial counsel could object. However, even if this were wrong, Tuttle's
trial counsel may have had strategic reasons not to lodge an objection. Counsel could have
determined that any objection would be futile and, given the marginal (if any) impact of the
statement, decided not to object. Because there are possible strategic reasons for counsel's conduct,
the performance of Tuttle's trial counsel did not fall below the standard of reasonable competency. 
Cf. Guidry v. State, 9 S.W.3d 133, 140 (Tex. Crim. App. 1999). Even if counsel erred in failing to
object, defense counsel's performance was not deficient under the totality of the circumstances.

 Ineffective assistance of counsel claims must be evaluated based on the totality of the
circumstances. Strickland, 466 U.S. at 693. "Isolated failures to object to certain procedural
mistakes or improper evidence or argument do not constitute ineffective assistance of counsel."
Wenzy v. State, 855 S.W.2d 52, 53 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). Tuttle's trial
counsel adequately questioned jurors during voir dire, proficiently cross-examined the State's
witnesses, and presented an adequate closing argument. During cross-examination, Tuttle's counsel
elicited a retraction from Pugh that he may have been in a regular hospital room rather than intensive
care. On cross-examination, Officer Stribling acknowledged that the police failed to fingerprint the
knife, test the fluid on the knife, or test the blood on Tuttle's shirt. Counsel emphasized, on cross-examination, that Bowers was seventy feet from Pugh and Tuttle when the assault occurred. Under
the totality of the circumstances, we are unable to conclude that defense counsel was deficient. Last,
Tuttle has failed to show a reasonable probability that, but for his attorney's deficiency, the result of
the trial would have been different. We overrule Tuttle's second point of error.

 For the reasons stated, we affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


 

CONCURRING OPINION


 This case illustrates that the written words, although literally correct, do not always convey
the meaning as it was understood when the words were spoken. Without the correct punctuation,
one could interpret the judge's comment to mean that he could not imagine a case where he
personally could assess a two-year sentence for such an offense. Such a statement would be
erroneous; no trial judge would purposely intend to make statements that might cause the reversal
of the case. It is clear to me that, when the trial judge made the statement quoted above, he was
asking a question of the jurors, not making a declarative statement of his personal opinion. As this
Court notes in the majority opinion, the alternative reading makes much more sense. With the
correct punctuation, the question is: "Is there anyone who would say, 'Two is just too little, I cannot
imagine a case where I would give two years?'" 

 The judge is essentially asking a two-part question: "Do you think two years is just too low
or can you think of any situation where you could assess a two-year sentence?" Since this is a proper
manner to determine if the jurors are subject to challenge, I would find that no error occurred. (6) 
Therefore, while I concur in this Court's judgment, I find it unnecessary to include further discussion
of the nature or harmfulness of the alleged error. 

 I concur with the majority opinion.



 Jack Carter

 Justice

Date Submitted: May 25, 2007

Date Decided: August 16, 2007


Do Not Publish
1. Neither appellate counsel for Tuttle nor appellate counsel for the State participated in the
trial.
2. We note federal courts and other jurisdictions also require a showing of prejudice or harm
to the defendant. United States v. Wallace, 32 F.3d 921, 928 (5th Cir. 1994); 75 Am. Jur. 2d Trial
§ 309 (1991).
3. Pugh testified he was in intensive care for fourteen to sixteen days. On cross-examination,
Pugh admitted he might have been in a regular hospital room rather than intensive care. 
4. In Almanza, the Texas Court of Criminal Appeals held Article 36.19 of the Texas Code of
Criminal Procedure outlines the path appellate courts should follow when reviewing error in the jury
charge. 686 S.W.2d at 171-72; see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006). If error
was preserved, reversal is required if the error was "'calculated to injure the rights of defendant,'
which means no more than that there must be some harm to the accused from the error." Almanza,
686 S.W.2d at 171; see also Tex. Code Crim. Proc. Ann. art. 36.19. However, if the error was not
preserved, reversal is not required unless "the error is so egregious and created such harm that he 'has
not had a fair and impartial trial' -- in short 'egregious harm.'" Almanza, 686 S.W.2d at 171; see
Rudd v. State, 921 S.W.2d 370, 373 (Tex. App.--Texarkana 1996, pet. ref'd). "Egregious harm" is
present "whenever a reviewing court finds that the case for conviction or punishment was actually
made clearly and significantly more persuasive by the error." Saunders v. State, 817 S.W.2d 688,
692 (Tex. Crim. App. 1991). 
5. We note federal courts review improper comments by the trial court which were not
preserved under the plain error standard. United States v. Saenz, 134 F.3d 697, 714 (5th Cir. 1998);
United States v. Slone, 833 F.2d 595, 598 (6th Cir. 1987); see Fed. R. Crim. P. 52(b). Under the
plain error doctrine, the record must contain "(1) 'error,' (2) that is 'plain,' . . . (3) that 'affects
substantial rights,'" and "(4) the error 'seriously affects the fairness, integrity, or public reputation of
judicial proceedings.'" Johnson v. United States, 520 U.S. 461, 467 (1997) (citations omitted). 
6. The jury must be able to consider the full range of punishment. Fuller v. State, 829 S.W.2d
191, 200 (Tex. Crim. App. 1992).