reed v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-127-CR

MICHAEL STEVEN REED APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Michael Steven Reed appeals from his conviction for driving while intoxicated and felony repetition.  In one issue, he argues the trial court improperly took judicial notice of whether the defendant heard the indictment read.  We affirm.  

Appellant was arrested for driving while intoxicated after failing to pass various field sobriety tests, including the walk-and-turn and one-leg-stand tests. As a defense to the prosecution’s case, appellant claims he was attempting to show the jury that his hearing difficulty on the night of his arrest interfered with his performance of the field sobriety tests.  During redirect examination of the arresting officer, the State asked the trial court to take judicial notice of the fact that appellant “was arraigned in front of the jury, he had no problem in hearing the indictment and pleading not guilty to it.”  The trial court responded, “The jury will recall that.”  Appellant’s attorney objected:

[APPELLANT’S ATTORNEY]:  I’m going to object to that, Your Honor.  I think -- I think the jury can -- it’s a process that the jury can’t make a judgment on.  It’s not something that we have to take judicial notice of.

THE COURT:  
That’s correct.  And I think that’s what I said. 
 The jury will recall that.  [Emphasis added.] 

[APPELLANT’S ATTORNEY]:  I’m sorry.

Appellant complains on appeal that the trial court erred in granting the State’s request to take judicial notice because it amounted to a comment on the evidence.  The trial court, however, never granted the State’s request, and this fact is evident by the trial court’s response to Appellant’s objection.  Moreover, by stating “I’m sorry” to the trial court’s clarification of “[t]he jury will recall that,” appellant indicated that he understood that the State’s request was not granted and that he saw nothing objectionable about the trial court’s clarification of the ruling.  At this point, if appellant believed that the trial court’s statements amounted to a comment on the evidence, then he was required to make the appropriate objection to preserve error.
  See Sharpe v. State
, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983); 
Williams v. State
, 834 S.W.2d 502, 505 (Tex. App.—Fort Worth 1992, pet. ref’d).  This he did not do.  
See
 
Tex. R. App. 
P. 33.1(a).  Thus, because the trial court did not grant the State’s request, and because appellant waived error after the trial court clarified its statement to the jury, we overrule issue one. 

We affirm the trial court’s judgment.     

SAM J. DAY

JUSTICE

PANEL A:  DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  MAY 29, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.