COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-127-CR
 
MICHAEL STEVEN REED           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
-----------
Appellant Michael Steven Reed appeals from his conviction for driving
while intoxicated and felony repetition. In one issue, he argues the trial court
improperly took judicial notice of whether the defendant heard the indictment
read. We affirm.
Appellant was arrested for driving while intoxicated after failing to
pass various field sobriety tests, including the walk-and-turn and one-leg-stand
tests. As a defense to the prosecution's case, appellant claims he was
attempting to show the jury that his hearing difficulty on the night of his
arrest interfered with his performance of the field sobriety tests. During
redirect examination of the arresting officer, the State asked the trial court
to take judicial notice of the fact that appellant "was arraigned in front
of the jury, he had no problem in hearing the indictment and pleading not guilty
to it." The trial court responded, "The jury will recall that."
Appellant's attorney objected:

        [APPELLANT'S
 ATTORNEY]: I'm going to object to that, Your Honor. I think -- I think the
 jury can -- it's a process that the jury can't make a judgment on. It's not
 something that we have to take judicial notice of.
        THE
 COURT: That's correct. And I think that's what I said. The
 jury will recall that. [Emphasis added.]
        [APPELLANT'S
 ATTORNEY]: I'm sorry.
 

Appellant complains on appeal that the trial court erred in granting
the State's request to take judicial notice because it amounted to a comment on
the evidence. The trial court, however, never granted the State's request, and
this fact is evident by the trial court's response to Appellant's objection.
Moreover, by stating "I'm sorry" to the trial court's clarification of
"[t]he jury will recall that," appellant indicated that he understood
that the State's request was not granted and that he saw nothing objectionable
about the trial court's clarification of the ruling. At this point, if appellant
believed that the trial court's statements amounted to a comment on the
evidence, then he was required to make the appropriate objection to preserve
error. See Sharpe v. State, 648 S.W.2d 705, 706 (Tex.
Crim. App. 1983); Williams v. State, 834 S.W.2d 502, 505
(Tex. App.--Fort Worth 1992, pet. ref'd). This he did not do. See
Tex. R. App. P. 33.1(a). Thus, because the trial court did not grant the State's
request, and because appellant waived error after the trial court clarified its
statement to the jury, we overrule issue one.
We affirm the trial court's judgment.
 
          
           
           
           
           
SAM J. DAY
          
           
           
           
           
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: MAY 29, 2003

1. See Tex. R. App. P. 47.4.