**Affirmed and Opinion Filed October 28, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00330-CR

**JONATHAN LEE SPRADLIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-56093-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Jonathan Lee Spradlin appeals his conviction for burglary of a habitation. After the jury found him guilty, the trial court assessed punishment at five years in prison. In two issues, appellant contends the trial court abused its discretion by admitting certain evidence and erred by commenting on the weight of the evidence. We affirm.

Rosalind Ferguson, a retired school teacher, lives alone on Laughlin Drive in Dallas. On June 2, 2011, she was upstairs with her dog when she heard a noise at the back of the house. She ignored it at first, assuming it was a tree limb, but when she heard a second, louder noise, she decided to investigate. She looked outside but did not see anything. She then heard a crashing noise, coming from inside the house. She looked in the front closet and saw a man, later identified as appellant, leaning down, going through the drawers of her desk. He looked at

Ferguson and said, "Ma'am, I don't have anything against you. . . I'm being chased. I'm running away." She described him as calm and collected. She called the police and reported she had an intruder. Ferguson then ordered appellant outside, telling him to sit on the steps and not move. When the police arrived, they arrested appellant for burglary.

According to appellant, he had rented a room in Ferguson's neighborhood from Lance Rathburn. Appellant did not own a cell phone, and Rathburn did not have a landline. Another neighbor, Kyle Driggers, hired appellant to help with electrical odd jobs, including repairing neon signs. Appellant knew Driggers's girlfriend, Allison, and knew that she had left Driggers and was seeing another man known as Brent. When Driggers found out about Brent, he was "intensely angry . . . about to explode." Around May 29, 2011, Driggers was found murdered in his bed. Driggers's death was "shocking" for appellant because the two men were good friends as well as coworkers.

On June 2, appellant was sitting in his room, playing guitar, when he heard a loud noise at the front door of Rathburn's house. He panicked, thinking someone was after him. He was "very, very scared" and said he was convinced "someone is going to kill me." He could not call the police because he had no phone. Wearing only a pair of blue jeans, appellant threw down his guitar, jumped out the window, and ran. The first house he came to was Ferguson's. He banged on the front door and yelled, "Call the police." When no one answered, he ran to the back door and entered the house. He was trying to hide when Ferguson found him. He told her he had nothing against her and that he had been chased there. Appellant testified he reasonably believed his actions were "immediately necessary to avoid imminent harm."

After hearing this and other evidence, the jury convicted appellant of burglary. The trial court assessed punishment at five years in prison. This appeal followed.

In his first issue, appellant contends the trial court abused its discretion by admitting evidence of a prior conviction in violation of evidentiary rule 609(b). Appellant argues the conviction was stale and the prejudicial effect of its admission was outweighed by any probative value. The State concedes the conviction was stale, but argues the trial court did not err by admitting it.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g).

Rule of evidence 609 provides that evidence of prior convictions is admissible for the purpose of attacking the credibility of a witness under certain conditions. TEX. R. EVID. 609(a). Evidence of a prior conviction is not admissible, however, if:

> a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

TEX. R. EVID. 609(b). We generally consider several non-exclusive factors in weighing the probative value of a conviction against its prejudicial effect: (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the defendant's later history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

Addressing the interaction of these factors, the court of criminal appeals noted the impeachment value of crimes involving deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice. *Id.* at 881. Thus, if a witness has a crime that

–3–

relates more to deception than not, this factor will weigh in favor of admission. *Id*. The second factor favors admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. *Id*. However, if the past crime and the charged crime are similar, the third factor will militate against admission. *Id*. The reasoning behind this is that the admission for impeachment purposes of a crime similar to the crime charged presents a situation for the jury to convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense. *Id*.

The last two factors are related because both depend on the nature of a defendant's defense and the means available to him of proving that defense. *Id*. When a defendant presents an alibi defense and can call other witnesses, the defendant's own credibility may not be as critical an issue. *Id*. In such situations, the defendant will not necessarily need to testify because other witnesses will be able to give evidence of his defense. *Id*. If, however, the case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's credibility and his testimony increases. *Id*. As the importance of the defendant's credibility escalates, so will the need to allow the State an opportunity to impeach the defendant's credibility. *Id*.

In appellant's case, his prior offense was possession with intent to deliver a controlled substance. The nature of his prior offense did not involve deception or violence; thus, although it had a low impeachment value, it did not have a higher potential for prejudice. This factor does not weigh strongly against admission. Regarding the temporal proximity factor, appellant was convicted in 1997 but given probation, his probation was revoked in 2000, and he was released from TDC on November 26, 2001. He was convicted of other misdemeanor offenses in 2000 and 2004, showing a propensity for running afoul of the law. Thus, this factor weighs in favor of admission of his prior offense.

The similarity factor also weighs in favor of admission because the burglary of a habitation in this case was not similar to possession with intent to deliver. Finally, as to the last two factors—the importance of appellant's testimony and the need to impeach—appellant's necessity defense rested on his testimony at trial. Accordingly, it was important for the State to be able to impeach his testimony and to refute his claim of necessity. These factors weigh in favor of admitting the previous offense.

After evaluating appellant's case under all the *Theus* factors, we cannot conclude the trial court abused its discretion by admitting the previous conviction for possession of a controlled substance with intent to deliver. We overrule his first issue.

In his second issue, appellant claims the trial court improperly commented on the weight of the evidence. We disagree.

The trial court is prohibited from making "any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). A trial court's comment constitutes reversible error if such comment is either reasonably calculated to benefit the State or to prejudice the defendant's right to a fair and impartial trial. *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983). Any ruling, jury instruction, or statement which serves to comment on the truth of a controverted issue is a comment on the weight of the evidence and is, therefore, erroneous. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

After the State rested, the trial court said:

> The State rests. All right. It's necessary that we take a brief recess, so I can take up some legal matters with the attorneys. I'm kind of surprised that it's gotten concluded this quickly, so bear with us for just a second.

After the jury recessed, appellant objected to the last statement "under 38.05." The trial court overruled his objection.

Appellant claims the comment "implied approval of the State's position." The State counters that it merely implied the court "believed the presentation of the State's case was going to take additional time" but did not express any approval in the State's case or disbelief of appellant's arguments or position. After reading the record and placing the comment in context, we agree with the State. The trial court's statement was not a comment on the weight of the evidence nor was it a remark calculated to convey to the jury the trial court's opinion of the case. Furthermore, we cannot conclude it was a comment reasonably calculated to prejudice appellant's rights or benefit the State. We overrule appellant's second issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47.2
130330F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JONATHAN LEE SPRADLIN, Appellant

No. 05-13-00330-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-56093-Y.
Opinion delivered by Justice Francis, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 28, 2014.