
**NO. 2-07-151-CV**

GAIL SMITH                                                                APPELLANT

V.

DR. ALAN HENSON, D.C.                                                     APPELLEE

------------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## **OPINION**

------------

Gail Smith appeals from a jury verdict in favor of Dr. Alan Henson, D.C., on Smith's negligence claim against him. She argues that the trial court erred by excluding evidence relating to workers' compensation and by making an improper comment on the weight of the evidence. Because we hold that Smith has not preserved error on her complaints, we affirm.

Smith brought a negligent treatment claim against Henson based on his treatment of her work-related carpal tunnel syndrome and hip problems. She claimed that when she saw Henson at an appointment to address her hip problems, he performed a "high-velocity cervical manipulation" to which she had not consented and which caused her injury.

At trial, the parties disputed whether Henson had regularly performed the same treatment on Smith with her consent. Smith claimed that he had not, and Henson claimed that he had but had not noted the treatment on her charts because doing so might cause the workers' compensation carrier to cease covering treatment for her work-related injuries. The parties also offered different explanations for why Smith had not reported any injury from Henson's treatment to doctors she saw after Henson performed the cervical manipulation. Smith claimed that she did not do so because she saw the other doctors for her work-related injuries, and she was under the impression that the pain from the cervical manipulation was not covered by workers' compensation. Henson suggested that her failure to report the injury to other doctors was because she had not been injured by his treatment.

During closing arguments, Smith made the following argument to the jury:

> [Y]ou heard Dr. Heitkamp testify from the stand they paid her medical bills. They paid for the surgery.

> Why would workers' comp do that? If the only two compensable injuries are a hip and carpal tunnel, why in the world would workers' comp pay for that medical?

> If you will notice in the charge, we are not requesting any payment for medical. Why? Because workers' comp paid her medical.

> But it also lets you know something else. They found in the natural continuance of events that that on-the-job injury of June 10th or June 1st—

Dr. Henson's attorney objected and argued that "[i]t's not in evidence whatsoever that workers' comp found any connection here." The trial court then instructed the jury,

> Well, the jury is going to disregard all testimony about workers' comp, including the testimony given by the last witness about his experiences with compensation. That was far outside his expertise, and disregard the argument.

Smith did not object to this instruction by the trial court.

In her first issue, Smith contends that the trial court's instruction improperly excluded material evidence. Henson counters that because Smith did not object at trial, she has not preserved her complaint for appeal. Smith argues that no objection was necessary because the trial court was excluding previously admitted testimony, the substance of which was known to the court.

The trial court's instruction came during closing arguments after the jury had been charged. A trial court may give additional instructions to the jury

3

after the charge has been read.[1]  Any error with respect to additional jury instructions may be waived.[2]  Here, Smith did not object to the instructions by the trial court to disregard all evidence relating to worker's compensation. Accordingly, if the trial court erred by instructing the jury as it did, Smith waived the error by not objecting.[3]  We overrule Smith's first issue.

In her second issue, Smith argues that the trial court's instruction constituted an improper comment on the evidence.  To preserve error on a trial court's improper comment, a party must object at the time of the comment unless the comment is of a character that cannot be rendered harmless by proper instruction.[4]  Thus, if the trial court's instruction to the jury was an improper comment on the evidence, Smith was required to object at the time

---

[1] *See* Tex. R. Civ. P. 286; *Goode v. Ramey*, 48 S.W.2d 719, 722 (Tex. Civ. App.—El Paso 1932, writ ref'd).

[2] *See Pate v. Texline Feed Mills, Inc.*, 689 S.W.2d 238, 245 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.) (holding that by not objecting, the appellants had waived any error in the trial court's correction of typographical errors in the charge); *see also Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 833–34 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994 (1988) (holding that the failure to object to a trial court's instruction constitutes waiver).

[3] *See* Tex. R. App. P. 33.1.

[4] *State v. Wilemon*, 393 S.W.2d 816, 818 (Tex. 1965); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

4

the comment was made to preserve the error unless the error could not be cured by instruction.

Smith argues that the trial court's instruction was "a powerful indictment of [Smith's] case and arguments." She claims that there was no way to cure the effect of this instruction. We disagree. The trial court could have made any error harmless by clarifying its instruction to allow the jury to consider the evidence that Smith claims should not have been excluded. Smith therefore had to object to preserve error on this ground, and she did not do so. Accordingly, we overrule her second issue.

Having overruled both of Smith's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, HOLMAN, and WALKER, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED: October 2, 2008

5



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

NO. 2-07-151-CV

---

GAIL SMITH                                                         APPELLANT

V.

DR. ALAN HENSON, D.C.                                             APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## DISSENTING OPINION

------------

I respectfully dissent. The majority holds that trial counsel failed to preserve error during closing argument when the trial court ruled, in response to an objection by Dr. Henson's attorney, that the jury should disregard any workers' compensation testimony given by any witness. In her two issues on appeal, Smith correctly characterizes the trial court's action as a *ruling*. The majority, however, mischaracterizes the trial court's *ruling* as an improper *comment* and relies on case law dealing with improper comments and conduct

by trial courts; these comment and conduct cases are inapplicable to the ruling challenged here. The majority fails to cite any case law whatsoever holding that an objection to a trial court's *ruling*, which is adverse to the party appealing, is required to preserve error. In fact, the rules of appellate procedure expressly disavow the necessity of objecting or excepting to a trial court ruling in order to preserve error. *See* Tex. R. App. P. 33.1(c) (providing that no formal exception to a trial court ruling is required to preserve a complaint for appeal). Once the trial court has made a ruling on the record, no authority exists for the proposition that trial counsel must object to or note his exception to the trial court's ruling, i.e., essentially argue with the trial court about an already-made ruling, to preserve error. I would address the merits of Smith's complaints concerning the trial court's ruling. Because the majority does not, I respectfully dissent.

SUE WALKER<br>
JUSTICE

DELIVERED: October 2, 2008

7