# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00289-CR

**Patrick Wayne Womble, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
## NO. CR6268, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Patrick Wayne Womble of the offense of burglary of a habitation with the commission or attempted commission of the felony offense of sexual assault. *See* Tex. Penal Code § 30.02(a)(3). The jury assessed punishment at 75 years' imprisonment. In two issues on appeal, Womble asserts that the district court abused its discretion in admitting evidence of an extraneous offense during punishment and in making a comment to the jury following the prosecutor's objection to defense counsel's closing argument. We will affirm the judgment.

## BACKGROUND

The jury heard evidence that on the night of December 18, 2009, following a party that Womble had attended, Womble accompanied a woman whom he had met at the party to her residence, and that, after trying to kiss the woman, he was asked to leave. Later that night, the woman testified, Womble broke into her residence and attempted to sexually assault her, but she

was able to fight him off and eventually force him out of her residence. After hearing the victim's testimony and other evidence, the jury found Womble guilty as charged and assessed punishment as noted above. This appeal followed.

## ANALYSIS

**Extraneous-offense evidence admitted during punishment**

In his first issue, Womble asserts that the district court abused its discretion in admitting evidence of an extraneous offense during punishment. The extraneous offense was an alleged encounter that Womble had with a neighbor, Peggy Hinson, prior to the charged offense. Hinson briefly testified that during an encounter with Womble on the street in their neighborhood, Womble had exposed his genitals to Hinson while he was driving past her in a golf cart. Womble objected to the admission of this evidence on multiple grounds, including that it was more prejudicial than probative, *see* Tex. R. Evid. 403, and that is the only ground he carries forward on appeal.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court abuses its discretion only when its decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "The term 'probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997). Evidence should be excluded under rule 403 only when there exists "a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996).

Here, the district court would not have abused its discretion in finding that the probative value of the evidence was high—it had a tendency to show that Womble's attempted sexual assault of the victim in this case was not a single, isolated event, but was instead part of a pattern of offensive sexual conduct toward women. The district court also would not have abused its discretion in finding that there was not a "clear disparity" between the degree of prejudice of the offered evidence and its probative value. The district court could have reasonably found that Hinson's testimony was not excessively graphic in its description of the offense; that the testimony, by focusing only on an offense related to the sexual conduct of the defendant, did not have a tendency to confuse the issues or mislead the jury; and that the testimony did not consume

an inordinate amount of time during sentencing. On this record, we cannot conclude that the district court abused its discretion in admitting the evidence. We overrule Womble's first issue.

**District court's instruction to the jury during closing argument**

In his second issue, Womble asserts that the district court made an improper comment to the jury during closing argument. The comment was made following an objection by the prosecutor to defense counsel's characterization of the evidence relating to the victim's reporting of the offense to the police:

| | |
|---|---|
| [Defense counsel]: | It's a fact that after the allegation came out, after she accused Patrick of this, it's a fact that she did not call 911, that she did not call a police officer. It's a fact that she continued her routine. Now, that gives you cause to pause. It's a fact that she got up the next morning and made her bed up. It's a fact that she talked to no one, cried out to no one when this traumatic event occurred until— |
| [Prosecutor]: | Your Honor, I'm just going to object to that being a mischaracterization of the evidence, that she cried out to no one. |
| [The Court]: | I can't— |
| [Defense counsel]: | Judge, I'm just asking you to ask the jury to recall the evidence. |
| [The Court]: | And that's all I can say is you recall the evidence the way you recall it. And if you think somebody is misstating the evidence, then you can infer whatever you want from that fact, so . . . . |

Defense counsel then continued with his closing argument.

On appeal, Womble asserts, without citing to authority, that the district court's comment that the jury could "infer whatever [it] want[s]" from the fact that "somebody is misstating the evidence" was improper. However, Womble never objected to this comment during trial. Consequently, any alleged error in the comment has been waived. *See* Tex. R. App. P. 33.1; *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983).

Womble acknowledges his failure to object, but he characterizes the district court's comment as a "ruling" on the prosecutor's objection and asserts that he was therefore not required to object in order to preserve error. *See* Tex. R. App. P. 33.1(c) ("Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.").[1] However, we do not construe the specific comment of which Womble complains as either an express or implicit ruling on the prosecutor's objection. *See* Tex. R. App. P. 33.1(a)(2). Instead, we construe it as an instruction to the jury on what it could infer from a misstatement of the evidence—if the jury found that such a misstatement had been made. The district court did not indicate whether it agreed with the prosecutor that defense counsel had misstated the evidence.

However, even assuming that Womble was not required to object to the comment, and further assuming, without deciding, that the district court's comment was improper, the record does not reflect that Womble was harmed by the comment. Womble asserts that the district court's

---

[1] As authority for his contention that no objection was necessary to preserve error, Womble cites to a dissenting opinion in a civil case out of the Fort Worth Court of Appeals, which construed Rule 33.1(c) to mean that no objection is necessary when a trial court makes a ruling adverse to the party appealing. *See Smith v. Henson*, 270 S.W.3d 673, 676 (Tex. App.—Fort Worth 2008, pet. denied) (Walker, J., dissenting). A dissenting opinion has no precedential value, *see United States v. Goodrich*, 871 F.2d 1011, 1013 (11th Cir. 1989), and Womble cites to no other opinion construing Rule 33.1(c) in such a manner.

comment was tantamount to calling defense counsel "a liar." However, the district court did not refer to defense counsel in its comment, and there is nothing in the record to indicate that the jury construed the district court's comment in such a manner. Nor did the district court state or otherwise imply that what defense counsel had just argued was a misstatement of the evidence. On this record, we cannot conclude that any alleged error in the district court's comment had a substantial and injurious effect or influence in determining the jury's verdict. *See* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) ("A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict."); *see also Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (finding that comments of trial court did not rise to level of fundamental error requiring reversal absent objection). We overrule Womble's second issue.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   July 31, 2013

Do Not Publish

6